IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 17, 2018 Session

**STATE OF TENNESSEE EX REL. CLAIBORNE COUNTY v.
DELINQUENT TAXPAYER, ALBERTANO ALVAREZ ET AL.**

**Appeal from the Chancery Court for Claiborne County
No. DT-6018666      Elizabeth C. Asbury, Chancellor**

_____

**No. E2017-01683-COA-R3-CV**

_____

This appeal arises from a delinquent taxpayer action. The appellants were lienholders on a parcel of real property sold to a separate purchaser during a delinquent tax sale. Following the tax sale, the lienholders filed a petition for redemption. In response, the purchaser filed a motion to protest the validity of the lien or, alternatively, a claim to recover $8,579.60 in "lawful charges" that he and a friend had incurred to clear debris and personalty from the real property. The lienholders then filed a "cross claim" against the purchaser, alleging conversion and trespass to chattels. The lienholders sought an award of actual damages for removal of personalty and a "steel building" from the real property, as well as punitive damages for the purchaser's allegedly malicious actions. The purchaser filed an answer, denying all substantive allegations. The purchaser subsequently withdrew his objection to the validity of the lien. Following a bench trial, the trial court granted the lienholders' petition for redemption upon the conditions that the lienholders pay all delinquent taxes, penalties, and fees; reimburse the purchaser and his friend in the amount of $8,579.60 for expenses incurred in the removal of debris and personalty; and reimburse the purchaser and his friend in the amount of $600.00 for storage of personalty. The lienholders have appealed. Having determined that the order appealed from fails to resolve the lienholders' claims of conversion and trespass to chattels, we conclude that it is not a final order. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Lewis S. Howard, Jr., and Erin J. Wallen, Knoxville, Tennessee, for the appellants, E.G. Meek, Sr., and Shirley T. Meek.

David H. Stanifer, Tazewell, Tennessee, for the appellees, Nathan Earl Gilliam and Shane Evans.

## OPINION

### I. Factual and Procedural Background

The State of Tennessee *ex rel.* Claiborne County filed the instant delinquent taxpayer action in the Claiborne County Chancery Court ("trial court") against several owners of real property and various corresponding lienholders on March 9, 2016, including the owner, Albertano Alvarez, and the corresponding lienholders of the parcel of real property at issue here. The subject parcel, comprised of approximately one and three-tenths acres, is located on Old Highway 63 in Speedwell, Tennessee ("the Property").[1] The attachment to the complaint named as the lienholder, "Sandra E. Morris, Trustee, c/o JM Properties & Auction Co.," but did not name the appellants, E.G. Meek, Sr., and Shirley T. Meek ("the Meeks"). The applicable deed of trust, which was subsequently presented by the Meeks as an exhibit to a pleading in this matter, reflects that while Ms. Morris had been named as the trustee, the deed of trust memorialized Mr. Alvarez's indebtedness to the Meeks in the amount of $30,000.00.[2] The deed of trust had been executed on August 20, 2011, and recorded by the Claiborne County Register of Deeds on January 23, 2013. The deed of trust includes a statement that it had been prepared by "GM Properties & Auction Co.," with the same address as that listed for "JM Properties & Auction Co." in the complaint.

The State filed a motion for default judgment on December 8, 2016. On January 26, 2017, the trial court entered an order granting the motion for default judgment against Mr. Alvarez and ordering a sale of the Property by auction set for April 1, 2017.[3] According to the statement of the evidence before us, approved by the trial court in the absence of a transcript, pursuant to Tennessee Rule of Appellate Procedure 24(e), co-appellee Nathan Earl Gilliam purchased the Property at the delinquent tax sale for $1,300.00.

---

[1] Although photographs presented as exhibits during trial reflect that the Property may have had a home on it, the record is otherwise silent as to whether the Property is improved or unimproved.

[2] Ms. Morris is not a party to this appeal.

[3] The record contains no indication that Mr. Alvarez appeared or filed a pleading in this matter, and he is not a party to this appeal.

On April 11, 2017, Mr. Meek filed a motion to redeem the Property, asserting his status as a lienholder.[4] It is undisputed that on April 13, 2017, Mr. Gilliam came onto the Property with his friend, Shane Evans, and cleared it of what Mr. Gilliam and Mr. Evans later testified was debris, placing what they considered to be potentially valuable personal property in storage. On April 26, 2017, the trial court entered a decree confirming the sale of the Property to Mr. Gilliam and specifically including the Meeks in its certificate of service related to the decree.

On May 10, 2017, Mr. Gilliam filed a form pleading entitled, "Redemption Protest Waiver or Motions," pursuant to Tennessee Code Annotated § 67-5-2701 (2013 & Supp. 2017).[5] In protest of the motion to redeem, Mr. Gilliam alleged that the Meeks did not have a proper lien on the Property. In the alternative, Mr. Gilliam asserted a claim for "lawful charges," averring that he had spent $8,579.60 to "preserve the value of the property" and was entitled to compensation prior to any redemption of the Property. Within the total reimbursement requested, Mr. Gilliam itemized amounts he had purportedly paid to a landfill, a lumber company, a construction hauling company, and to individuals for labor. He also included payments made to "Evans Contracting" for "Bobcat work" and to Shane Evans for labor. Mr. Gilliam attached invoices from the businesses and receipts from the individuals listed. The majority of the invoices and receipts detailing the clean-up efforts were dated on or about April 13, 2017.

On June 22, 2017, the Meeks filed a "cross claim" against Mr. Gilliam, alleging conversion and trespass to chattels.[6] In their claim, the Meeks alleged, *inter alia*, that Mr. Gilliam had intentionally removed "a number of items of valuable personalty from the Property, including, but not limited to, tools and a steel building." The Meeks also alleged that what Mr. Gilliam described as a "clean-up" was "accompanied by malice, insult, and reckless and willful disregard for the Meeks' rights such that the Meeks are

---

[4] Although Mr. Meek did not expressly include Ms. Meek as a co-lienholder in the motion to redeem, she was included in subsequent pleadings and is a named party on appeal.

[5] The statement of the evidence mistakenly lists the date of filing as May 9, 2017, rather than May 10. The protest and motion would have been timely on either date. *See* Tenn. Code Ann. § 67-5-2701(d) (Supp. 2017).

[6] The Meeks stated in their pleading that their "cross claim" was filed pursuant to Tennessee Rule of Civil Procedure 13.07, which provides for a cross-claim made by a party against a co-party. We note that as the purchaser of the Property, Mr. Gilliam was not a co-party to the Meeks, who were defendant lienholders. *See coparty*, BLACK'S LAW DICTIONARY (8th ed. 2014) ("A litigant or participant in a legal transaction who has a like status with another party; a party on the same side of a lawsuit."). The trial court appears to have treated the Meeks' claim as a permissive counterclaim pursuant to Tennessee Rule of Civil Procedure 13.02. *See generally Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) ("[C]ourts must give effect to the substance, rather than the form or terminology of a pleading.").

entitled to an award for punitive damages in an amount to be determined at trial." Mr. Gilliam filed an answer to the Meeks' cross-claim, denying all substantive allegations.

The trial court conducted a bench trial on July 19, 2017, hearing testimony from Mr. Gilliam, Mr. Evans, and a neighbor to the Property. At the beginning of trial, Mr. Gilliam withdrew his protest of the redemption, solely arguing his motion for reimbursement of expenses. The statement of the evidence summarizes testimony regarding the purchase of and clean-up efforts on the Property as follows in relevant part:

> Mr. Gilliam testified that he attended the Claiborne County tax sale for the purpose of acquiring a piece of property for the benefit of his friend, Shane Evans ("Mr. Evans"). Mr. Gilliam testified that he mistakenly purchased the Property rather than the piece of property he intended to purchase. Mr. Gilliam testified he paid $1,300.00 for the Property.
>
> Upon visiting the Property, Mr. Gilliam and Mr. Evans testified that they were concerned about the condition of the property supported by the independent testimony of [F.R.], a neighbor downstream, [who] had previously contacted the EPA and the Claiborne County Sheriff's Department regarding dead animals in the creek and live animals caged or chained and was concerned about a health hazard. Mr. Gilliam and Mr. Evans further testified [that] upon contacting the Sheriff's Department they began to clean up the subject property as to the debris and what was considered to be of no value was taken to the Claiborne County Landfill and what personal property was considered of any value was put in storage by Mr. Evans. Mr. Gilliam and Mr. Evans both testified that they undertook the clean-up after contacting the Claiborne County Sheriff's Department. Several dozen photographs were offered into evidence showing the condition of the Property and after contacting the Claiborne County Sheriff, they began to clean-up the Property. It was undisputed at trial that Mr. Alvarez had failed to properly maintain the Property. The Meeks only had a lien hold interest and had no possessory interest because [Mr. Meek] had not foreclosed upon his Deed of Trust.

(Paragraph numbering omitted.)

The trial court entered an order on July 31, 2017, granting the Meeks' motion to redeem the property upon certain conditions, including payment of a money judgment to Mr. Gilliam and Mr. Evans. We note that the record does not contain a pleading requesting the joinder of Mr. Evans or an order directing his joinder. However, in its order, the trial court appears to have attributed the claim for reimbursement of "lawful

charges" in part to Mr. Evans and termed him a "purchaser" of the Property, along with Mr. Gilliam. The Meeks included Mr. Evans as a party on their notice of appeal, and counsel for the appellees states on the cover of the appellees' brief that he represents both Mr. Gilliam and Mr. Evans.

In entering its judgment, the trial court stated the following in pertinent part:

Upon the testimony of witness[es] and argument of counsel; it appearing to the court that the expenditures incurred by the purchasers, Nathan Gilliam and Shane Evans in removing debris and personal property from the subject property pursuant to T.C.A. § 67-05-2701 were reasonable and shall be reimbursed by the Defendant Meeks in order to exercise the Right of Redemption to property sold at the Delinquent Tax Sale on April 1, 2017 and confirmed on April 26, 2017.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. In order for the [Meeks] to exercise the Right of Redemption of the Delinquent property . . . [they] will pay to the Clerk & Master the following sums of money:

   a. All delinquent taxes for all years owed on said property as calculated by the Claiborne County Clerk & Master's Office.

   b. All penalties, interest, expense and fees as calculated by the Claiborne County Clerk & Master.

   c. Reimbursement for expenses by Nathan Gilliam and Shane Evans in the amount of Eight Thousand Five Hundred Seventy Nine dollars and ($8,579.60) Sixty Cents.

   d. A storage fee to Nathan Gilliam in the amount of Six Hundred ($600.00) Dollars.

2. Upon full payment of the above described sums, the [Meeks] shall be permitted to redeem the property.

3. Furthermore, upon payment of the costs to the Claiborne County Clerk & Master's Office, the [Meeks] shall be

5

permitted to obtain from Nathan Gilliam and Shane Evans the property that is being held in storage at an agreed upon location.

In its order, the trial court did not expressly dismiss or otherwise address the Meeks' claims of conversion and trespass to chattels. The Meeks filed a notice of appeal on August 24, 2017.

## II. Issues Presented

The Meeks present two issues on appeal, which we have restated as follows:

1.  Whether the trial court erred by finding that Mr. Gilliam and Mr. Evans were entitled to reimbursement for expenses purportedly incurred by them in removing debris and personalty from the Property and in storing items of personalty when the removal and commencement of storage occurred prior to entry of the decree confirming the sale to Mr. Gilliam and when no judicial or administrative order had mandated clean-up of the Property.

2.  Whether the trial court erred by finding that the Purchasers were not liable to the Meeks for actual and punitive damages associated with the removal of personalty from the Property.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

## IV. Finality of Trial Court's Judgment

As a threshold matter, we address, *sua sponte*, the issue of whether the trial court's July 31, 2017 order constitutes a final judgment over which this Court has subject matter jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless

an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The trial court made no express findings regarding the Meeks' claims of conversion and trespass to chattels. When questioned during oral argument before this Court, the Meeks' counsel stated that counsel had understood the trial court's ruling to mean that the conversion and trespass to chattels claims were dismissed. However, we have no documentation in the record before us indicating that the trial court dismissed the Meeks' tort claims. Furthermore, the trial court has not certified the July 2017 order as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.

The sole indication in the record from which a finding on the tort claims could be inferred is the trial court's determination that the expenditures incurred by Mr. Gilliam and Mr. Evans in removing debris and items of personalty from the Property were "reasonable" pursuant to Tennessee Code Annotated § 67-5-2701, which, in pertinent part, concerns reimbursement to a delinquent-tax-sale purchaser from the party seeking redemption of the real property at issue. We conclude that we cannot extrapolate from this finding regarding Mr. Gilliam's and Mr. Evans's expenditures that the trial court resolved the claims of trespass to chattels and conversion of the private property removed.

We therefore conclude that the judgment is not final. An order that does not adjudicate all of the claims between all of the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Inasmuch as this appeal was taken from an order that was not final, we lack subject matter jurisdiction. *See Bayberry Assocs.*, 783 S.W.2d at 559. Accordingly, we must dismiss the appeal.

## V. Conclusion

The appeal of this matter is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellants, E.G. Meek, Sr., and Shirley T. Meek.

_____
THOMAS R. FRIERSON, II, JUDGE